# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA CUNNINGHAM and <br> JOHNNY CUNNINGHAM, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY BLAINE NORRIS and <br> JMN TRANSPORTATION, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-CV-0247-CVE-JFJ <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion to Remand and Brief in Support (Dkt. # 8). Plaintiffs argue that the notice of removal fails to establish that the amount in controversy exceeds $75,000 as to either Brenda or Johnny Cunningham, and they ask the Court to remand this case to Mayes County District Court. Dkt. # 8. Defendants respond that the notice of removal establishes that the amount in controversy exceeds $75,000 as to Brenda Cunningham, and Johnny Cunningham's loss of consortium claim is not a separate and distinct claim for the purpose of determining the amount in controversy. Dkt. # 9.

On December 22, 2020, plaintiffs filed this case in Mayes County District Court alleging that defendant Jeffrey Blaine Norris was driving a tractor-trailer owned by JMN Transportation, Inc. (JMN), and plaintiffs allege that Norris caused an automobile accident that resulted in "severe, painful and permanent injuries" to Brenda Cunningham. Dkt. # 2-1, at 2. She seeks damages for her medical expenses, lost wages and reduced earning capacity, and she claims that she suffered "disfiguring, painful and permanent injuries" as a result of the accident. Id. Johnny Cunningham

asserts a claim for loss of consortium against defendants, and both plaintiffs seek damages in an amount in excess of $10,000. Id. at 3. Plaintiffs' petition failed to allege whether either plaintiff was seeking relief in excess of $75,000 as required by Okla. Stat. tit. 12, § 2008(A)(2). Defendants filed a motion to dismiss on the ground that plaintiffs failed to comply with § 2008(A). Dkt. # 2-14. The state court denied defendants' motion and also did not require plaintiffs to state whether either plaintiff is seeking damages in excess of $75,000. The parties exchanged discovery requests and defendants sought more information about the nature of Brenda Cunningham's injuries and her demand for damages.

On June 11, 2021, defendants filed a notice of removal (Dkt. # 2) asserting that the parties are completely diverse and the amount in controversy exceeds $75,000. The notice of removal states that Brenda Cunningham has incurred $104,963.29 in medical bills to date for an alleged injury to her heart and she claims to have suffered lost income in the amount of $5,405.56 because of the accident. Defendants state that plaintiff has demanded $50,000 in underinsured motorist benefits from her automobile insurer, Progressive Insurance, and this shows that she believes that her damages in this case will exceed the limits of defendants' insurance coverage. Defendants are insured by a policy with a $1,000,000 limit for the accident giving rise to this case. The notice of removal does not contain any allegations concerning the damages sought by Johnny Cunningham.

Plaintiffs ask the court to remand this case to Mayes County District Court, because defendants have not met their burden to show that the amount in controversy as to each plaintiff exceeds $75,000. Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994). A case must be remanded to state court if at any time before final judgment it appears

the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Defendants assert that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. # 2, at 1. Section 1332(a)(1) grants federal courts jurisdiction over civil actions in which the matter in controversy exceeds $75,000 and the suit is between citizens of different states.[1] 28 U.S.C. § 1332(a).

In a notice of removal, the defendant is required to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). If the plaintiff contests, or the court questions, the removing defendant's allegations regarding the amount in controversy, the defendant must prove by a preponderance of the evidence jurisdictional facts that make it possible that $75,000 is at issue. See McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008). The Tenth Circuit had identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking. Id. at 955-56. Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession. Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court. Id. Once the removing defendant has sufficiently proven jurisdictional facts, the defendant "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." Id. at 954.

---

[1] Plaintiffs do not dispute that the diversity of citizenship requirement is met in this case.

The Court finds that the amount in controversy is easily established as to Brenda Cunningham. Defendants allege that Brenda Cunningham filed a claim for underinsured motorist benefits with her automobile insurer, and she would only file such a claim if she had reason to believe that her damages in this case would exceed the limits of defendants' liability insurance. Dkt. # 2, at 3. Defendants allege that they are covered by a liability insurance policy with a $1,000,000 limit for the accident. Plaintiffs argue that Brenda Cunningham has demanded a "substitute" payment of $50,000 from her automobile insurer, and this demand does not show that Brenda Cunningham is seeking damages in excess of the policy limit. Dkt. # 8, at 3. However, the substitution of payment is required only if the insurer has determined that the insured's claim likely exceeds the policy limits of the tortfeasor's liability insurance. Shotts v. GEICO Gen. Ins. Co., 943 F.3d 1304, 1309-10 (10th Cir. 2019). Plaintiffs' demand for substituted payment is a clear indication that she is seeking more than $75,000 in damages from defendants. Defendants sought discovery concerning Brenda Cunningham's medical bills and lost wages, and she has incurred medical bills totaling $104,963 and she seeks lost wages in the amount of $5,405.56. Dkt. # 2. Plaintiffs argue that the amount of her medical bills does not reflect the true amount she owes her medical providers, and she actually owes approximately $17,500 to settle her outstanding medical bills. Dkt. # 8. Plaintiffs' petition alleges that Brenda Cunningham "suffered severe, painful and permanent injuries," that she has lost wages and reduced earning capacity, and that she has spent "large sums of money to effect a cure for her injuries." Dkt. # 2-1, at 2. Under McPhail, the Court may consider the nature of a plaintiff's allegations, and allegations of severe or permanent injuries is a factor showing that the plaintiff's damages likely exceed $75,000. McPhail, 529 F.3d at 957. Although plaintiffs refuse to admit that the amount in controversy exceeds $75,000, the Court finds that

defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000 as to Brenda Cunningham's claims against each defendant.

Plaintiffs argue that the notice of removal fails to include any allegations concerning the damages sought by Johnny Cunningham, and plaintiffs argue that the Court lacks diversity jurisdiction over this case unless the amount in controversy exceeds $75,000 as to each plaintiff. Plaintiffs cite Clark v. Paul Gray, Inc., 306 U.S. 583 (1939) as the authority requiring that the amount in controversy must be established separately as to each plaintiff. In Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005), the Supreme Court considered the requirements for diversity jurisdiction in light of the enactment of 28 U.S.C. § 1367. More specifically, the Supreme Court took up the issue of "whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction.'" Id. at 559. The Supreme Court concluded that a federal district court has original jurisdiction over a civil action if the amount in controversy requirement is satisfied for at least one claim alleged in the complaint and there are no other "relevant jurisdictional defects." Id. The presence of other claims over which the amount in controversy is not satisfied is "of no moment," and the district court may separately consider whether to exercise supplemental jurisdiction over such claims. Id. "In other words § 1367(a) unambiguously overrules the holding and result in *Clark*." Id. at 561. Following Exxon, the amount in controversy requirement in a multiple plaintiff case is satisfied if "a single plaintiff . . . can recover over $75,000 from a single defendant," and the "court can then exercise supplemental jurisdiction over other claims and parties that 'form part of the same case or controversy under Article III . . . .'" De La Rosa v. Reliable, Inc., 113 F. Supp. 3d 1135, 1152 (D.N.M. 2015).

5

In this case, there is no dispute that plaintiffs and defendants are completely diverse, and the Court has determined that Brenda Cunningham is seeking more than $75,000 against each defendant. Neither the notice of removal nor the petition clarify whether the amount in controversy as to Johnny Cunningham exceeds $75,000. However, "district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Johnny Cunningham's loss of consortium claim against defendants is wholly dependent on the merits of his wife's claim against defendants, and the claims of Brenda and Johnny Cunningham are part of the same case or controversy. Therefore, the Court may exercise supplemental jurisdiction over Johnny Cunningham's claim against defendants, even if defendants have not shown that the amount in controversy for this claim exceeds $75,000. Plaintiffs have not shown that the Court lacks subject matter jurisdiction over this case, and their motion to remand is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand and Brief in Support (Dkt. # 8) is **denied**.

**DATED** this 16th day of July, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE